IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEREMY GENE POLLITT,

        **Plaintiff,**

vs.                                                                             No.  11cv0723 DJS/KBM

UNITED AIRLINES CORP.,

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss **[Doc. No. 6]** filed on September 2, 2011.  Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant United Airlines Corp. moves the Court for dismissal of Plaintiff's Complaint. Plaintiff did not file a response.[1]  Having reviewed the motion and the applicable law, the Court finds that the motion is well taken and will be **GRANTED**.

### I.  Factual Bacground

On August 16, 2011, Plaintiff filed his "Civil Rights Complaint Pursuant to 42 U.S.C. §1983."  Compl. (Doc. No. 1).  Plaintiff's Complaint alleges the following: Defendant United Airlines employed Plaintiff from August 1998 to June 2009.  *Id.*. (Doc. No.1, p. 9).  On April 15, 2009, Plaintiff received a lay-off notice from Defendant United Airlines when he was working in

---

[1] Defendant United Airlines filed and served upon Plaintiff its Motion to Dismiss on September 2, 2011.  Pursuant to D.N.M.LR-Civ 7.4, a party responding to a motion must serve a response within fourteen days after service of the motion.  A review of the record indicates that Plaintiff did not file a response.  Although, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion," the Court will address the merits of Defendant United Airline's motion to dismiss.  *See* D.N.M. LR-Civ. 7.1(b).

Indianapolis, Indiana.  *Id.*  Plaintiff initiated a transfer to Albuquerque, New Mexico on May 1, 2009, because he wanted to remain employed with Defendant United Airlines.

A month after working at the Albuquerque, New Mexico location, Plaintiff contends he was "put down as a no-call, no show on my scheduled day off from work June 13, 2009."  *Id.*  Plaintiff alleges he received a telephone call from the station manager questioning him regarding this issue.  The station manager refused to listen to Plaintiff's explanation as to why he was not at work on his scheduled day off.  The station manger also informed Plaintiff that he would have to report his absence to the Union, IAM 141.  Plaintiff describes this measure as a "disciplinary action level 2."  *Id.*

The day after Plaintiff's conversation with the station manager, Plaintiff pulled a muscle in both legs.  Although Plaintiff describes the injury to his legs as "being minor," he contends the injury would not allow him to perform his duties at work for two days.  *Id.*  The station manager called Plaintiff and questioned him about his "illness."  *Id.*  The station manager informed Plaintiff "that the medical statement letterhead from UAL would not be accepted by me."  *Id.*  Plaintiff then requested the station manager offer him a severance package.  However, when Plaintiff returned to work, he was informed that he had been terminated.

Plaintiff contends Defendant United Airlines and the union took advantage of him.  He contends he was entitled to a severance package after 10.5 years of dedicated service.  Plaintiff further contends Defendant United Airlines has a history of not paying their employees severance packages upon termination of any kind.  Plaintiff also complains that the union refused to help him prosecute his case against Defendant United Airlines.

Plaintiff seeks an explanation as to why Defendant United Airlines terminated him for taking a scheduled day off from work.  Plaintiff also wants an explanation as to why he was not

given the opportunity to produce "documentation for a temporary medical condition." *Id.*, p. 10. Plaintiff seeks reinstatement to his previous position.

On September 2, 2011, Defendant filed its motion to dismiss. (Doc. No. 6). Defendant contends Plaintiff's §1983 action should be dismissed because Defendant was not acting under color of state law when Plaintiff's alleged claim arose.

## II.  Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949.

Plaintiff is proceeding pro se.  Because he is proceeding pro se, Plaintiff is entitled to liberal treatment of his pleadings, however, the Court does not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).  Moreover, pro se parties must follow the same rules of procedure that govern other litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Therefore, although the Court makes some allowances for the pro se plaintiff's unfamiliarity with pleading requirements, the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III. Discussion

**A. 42 U.S.C. §1983**

"Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Howards v. McLaughlin*, 634 F.3d 1131, 1139 (10th Cir. 2011). No matter how discriminatory or wrongful private conduct may be, §1983 excludes it from its reach. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977 (1999). Plaintiff does not allege that Defendant United Airlines is a state actor.

Nonetheless, there are four tests to determine whether private actors, such as Defendant United Airlines should be considered a state actor: (1) the public function test; (2) the nexus test; (3) the symbiotic relationship test and (4) the joint action test. *Anderson v. Suiters*, 499 F.3d 1228, 1233 (10th Cir. 2007). The Court reviewed Plaintiff's allegations in his forty-nine page complaint and found no support for a §1983 cause of action under any of the enumerated tests. Thus, Defendant's motion to dismiss Plaintiff's action on the grounds that he failed to state a viable §1983 claim is granted.

**B. Family Medical Leave Act**

Plaintiff's complaint includes a "Work Release Form" from Jan Wiste, M.D. Compl. (Doc. No. 1, p. 17). The work release form establishes that Dr. Wiste evaluated Plaintiff on June 14, 2009. Dr. Wiste indicated Plaintiff could return to his position on June 16, 2009 with no restrictions.

On September 26, 2011, Plaintiff filed a Motion to Summon's Defendant. (Doc. No. 11). Plaintiff attached two Family and Medical Leave Act (FMLA) documents. The first document addresses the FMLA statute of limitations and the second document is a copy of §2617 of the

FMLA. Accordingly, the Court will liberally construe Plaintiff's Complaint to include an FMLA claim.

Under the FMLA, eligible employees are "entitled to a total of 12 workweeks of leave during any 12-month period" for a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. §2612(a)(1)(D). A serious health condition is "an illness, injury, impairment, or physical or mental condition that involves ... inpatient care in a hospital ... or continuing treatment by a health care provider." *Id.* §2611(11). Under implementing regulations:

> A serious health condition involving continuing treatment by a health care provider includes any one or more of the following:
>
> (a)  Incapacity and treatment. A period of incapacity of more than three consecutive, full calendar days, and any subsequent treatment or period of incapacity relating to the same condition, that also involves:
>
> (1)  Treatment two or more times, within 30 days of the first day of incapacity, unless extenuation circumstances exist, by a health care provider, by a nurse under direct supervision of a health care provider, or by a provider of health care services (e.g., physical therapist) under orders of, or on referral by, a health care provider; or
>
> (2)  Treatment by a health care provider on at least one occasion, which results in a regiment of continuing treatment under the supervision of the health care provider.

29 C.F.R. §825.115.

There are two theories of recovery under §2615(a) of the FMLA. One is a retaliation or discrimination theory under §2615(a)(2), which makes it "unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." The other is an interference theory under §2615(a)(1),

which makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."

Plaintiff's complaint does not indicate which of the two possible theories of FMLA liability he is pursuing.  Nonetheless, because it is clear from Plaintiff's complaint that his health condition does not meet the FMLA's definition of a "serious health condition," he cannot establish either an FMLA retaliation or discrimination claim or an interference claim.  Plaintiff alleges in his complaint that he suffered from "a medical issue involving a muscle pull in both legs of which ended up being minor, but wouldn't allow me to perform my duties at work for the next two days."  Compl. (Doc. No. 1, p. 9).  Plaintiff's condition did not involve inpatient care in a hospital or continuing treatment by a health provider.   Accordingly, Plaintiff failed to establish a violation of the FMLA.

For the foregoing reasons, the Court will grant Defendant United Airline's Motion to Dismiss.  Additionally, the following  pending motions are denied as moot: (1) Plaintiff's Motion to Summon's Defendant (Doc. No. 11); (2) Plaintiff's Motion to Trial (Doc. No.12) ; (3) Plaintiff's Revised Motion to Summon's Defendant (Doc. No. 13); and  (4) Plaintiff's Motion of Subpoena (Doc. No. 20).

**NOW, THEREFORE,**

**IT IS HEREBY ORDERED** that Defendant United Airline's Motion to Dismiss is **GRANTED**.  This action is dismissed with prejudice.

**IT IS FURTHER ORDERED** that the following pending motions are denied as moot: (1) Plaintiff's Motion to Summon's Defendant (Doc. No. 11); (2) Plaintiff's Motion to Trial (Doc. No.12) ; (3) Plaintiff's Revised Motion to Summon's Defendant (Doc. No. 13); and (4) Plaintiff's Motion of Subpoena (Doc. No. 20).

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**